Battle, J.
 

 We have given to the interesting questions presented by the pleadings, in this case, much consideration, and, in doing so, wo have been aided by very able and elaborate arguments from the counsel on both sides. We have examined with minute attention all the positions taken by the counsel by the plaintiff, and have at last been unable to discover any principle upon which we can give her the relief
 
 *287
 
 which she seeks, without violating some well recognised rule of law or equity.
 

 The counsel for the plaintiff, takes, as the basis of his argument, the principle decided by this Court in the case of
 
 Arrington
 
 v. Yarbrough, 1 Jones’ Eq. Rep. 72, that the wife is entitled by survivorship, to her equitable dioses in action as against a
 
 bona fide
 
 assignee for value, if the husband die before the assignee can reduce them into.possession. The spirit of this principle, the counsel contends, will extend to and embrace every case of a dissolution of a marriage, whether it be by divorce or death, and whether the divorce be
 
 a vinuolo
 
 matrimonii, or
 
 mensa et thoro.
 
 That may be admitted, and yet, it will not, of itself, aid the plaintiff, because the Court of Equity will not stay the hand of the husband or assignee from reducing the chose in action into into possession, if he can, before the death of the husband. To do so, would be reviving the exploded doctrine of an equity for a settlement, and establishing it in a condition more objectionable than that in which' it formerly existed.
 

 The counsel then, is driven to the necessity of contending further, that by the filing of the plaintiff’s bill, a
 
 Us
 
 was constituted in court, and that during the
 
 Us pendens,
 
 the Court would arrest the chose in action of the wife and keep it in the condition in which the suit found it, for the purpose of making it amenable to whatever decree the plaintiff might finally obtain. That argument would, perhaps, be irresistable, if the defendant had not purchased
 
 bona fide,
 
 and for full value, what the husband had the right to assign, and without any notice of any cause for which the plaintiff had the right to file her bill; and had himself brought suit in a court of competent jurisdiction for the recovery of the claim, and obtained a decree therefor, just at the time, when the bill was served upon him. These facts are stated in the defendant’s answer, and must be taken to be true, as the case now stands, which is upon a motion to dissolve the injunction. It cannot be, that the
 
 Us pendens
 
 of the plaintiff, can have the effect to arrest a prior
 
 Us pendens
 
 of the defendant,' proceeding indeed
 
 *288
 
 in another court, but according to the same “rules of practice prescribed for and used in courts of equity.” See Rev. Code, ch. 64, sec. 7. We have seen that the wife cannot enjoin the collection of her choses in action, so as to prevent an assignee from collecting them before the death of her husband, and thereby giving her a chance to survive him; can she do so-with a view to get a decree for a divorce, and thereby secure for herself her choses in action in derogation of the rights of the assignee ? Yery certainly, she cannot, unless there is some provision to that effect in the act concerning “Divorce and Alimony,” in the Revised Code, ch. 39. The only section of that act which seems to bear upon the question is the 8th, which provides:
 

 “In all cases where- there shall be a sufficient cause for a divorce, (absolute or from bed and board,) with alimonjq the wife may exhibit her petition or libel at any time, in case her husband is then removing, or is about to remove, his effects from the Stale, if she will likewise state and swear that she doth verily believe that she is entitled to alimony, and that by delaying her suit, she will- be disappointed of the same, by the removal of her husband’s property and effects out of the State. And, in such eases, any Judge may, thereupon, make an order of sequestration or otherwise, as the purposes of justice may seem to require.”
 

 We do not think that this section can admit of a construction to aid the plaintiff. It is the “ husband’s effects” and the “husband’s property,” the removal of which, is to be restrained by a writ of sequestration. What constitutes the husband’s property and effects, whieh are to be thus restrained ?' Certainly not what he had sold
 
 bona fiiie
 
 and for val me, to one who bought without any notice of the wife’s ground of com-, plaint, and before it in fact existed. An article of property, the legal title of which-, had been thus bargained and sold, would clearly not'come within the- meaning of the aet as being still the husband’s property. Nor, we think, would an equitable chose in action, of which the title had been completely transferred in equity by an assignment, and a notice
 
 *289
 
 thereof to the trustee ; see Adam’s Eq. 53 — such seems to have been the nature of the transfer in the case now before us. The husband made the assignment to the defendant, of which the administrators of the plaintiff’s father had due notice, and recognised the defendant as the owner. Under these circumstances, we think, the Court of Equity had no power to restain the defendant from receiving and the administrator from paying over to him the distributive share in controversy.
 

 As we hold the injunction was rightly dissolved upon the filing of the answer, for the reasons which we have expressed, we deem it unnecessary to consider, the objections urged by the defendent’s counsel, that the plaintiff, being a lunatic, is incapable of maintaining a suit for either kind of divorce, because she cannot make the affidavit which is required of her by the 5th section of the act. That is a question which arises more properly between the plaintiff and her husband, and may possibly come before us hereafter. The case is now here only on an appeal from an interlocutory order, and as we have said enough to dispose of that, it may be premature, and is certainly unnecessary for us to express an opinion upon any other matter, which the cause may present. This opinion will be certified as the law directs.
 

 Pee CuRiAM, Decretal order affirmed..